JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DLI PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KENTIA V. FLIPPEN, et al., <br><br> Defendants. | Case No. CV 16-04064 CAS (SSx) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On June 8, 2016, Defendant Kentia V. Flippen, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. On June 10, 2016, Plaintiff filed an ex parte application to remand this action to state court.

The Court has denied Defendant's application to proceed in forma pauperis under separate cover because the action was not

properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's Notice Of Removal asserts that "a federal question exists as to his [sic] Constitutional Rights and Due Process Rights infringed upon by Plaintiff taking certain actions which completely ignore Defendants [sic] Property Rights." (Notice Of Removal at 3). These allegations are inadequate to confer federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 300 East Walnut Ave, Pasadena, CA 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

\\

\\

It is FURTHER ORDERED that Plaintiff's <u>ex parte</u> application is DENIED as moot.

IT IS SO ORDERED.

DATED:  June 15, 2016

*[signature: Christina A. Snyder]*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE